# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

JAMES H. STERN, #072823                                                                    PETITIONER

VERSUS                                            CIVIL ACTION NO. 3:07-cv-317-WHB-LRA

STATE OF MISSISSIPPI, et al.                                                 RESPONDENTS

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner James H. Stern, an inmate of the Mississippi Department of Corrections (MDOC), currently incarcerated at the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1]

Petitioner was convicted of wire fraud in the Circuit Court of Hinds County, Mississippi, on June 11, 2007. Petitioner was sentenced to serve fifteen years in the custody of the Mississippi Department of Corrections, with ten years suspended. Petitioner states that he has not filed any appeals, motions or petitions with the state courts challenging his current conviction and sentence.[2]

The Petitioner presents the following grounds for habeas relief in the instant petition: (1) his conviction was obtained by the use of an invalid indictment because it violated the

---

[1] To the extent the Petitioner may be asserting claims regarding the conditions of his confinement, these claims are properly pursued in a civil rights action pursuant to 42 U.S.C. § 1983. The Court notes that Petitioner currently has such an action pending in this Court. *See Stern v. McMillin*, civil action number 3:07-cv-348-DPJ-JCS.

[2] Petitioner references a motion he submitted to the state courts which he claims was not filed by the Clerk, however this motion was submitted *prior to* the Petitioner's guilty plea and resulting conviction. In addition, Petitioner is advised that the State of Mississippi is not a member of the Interstate Agreement on Detainers Act, and therefore are not bound by its procedures. *See Smothers v. State*, 741 So.2d 205, 206 (Miss.1990).

statute of limitations; (2) his conviction was obtained by a violation of law based on the Court Clerk's failure to perform her duties; (3) his conviction was obtained by discovery violations; and (4) his conviction was obtained by use of perjury. As relief, Petitioner ask the Court to dismiss his case, grant him a hearing on the matter, compel full disclosure under discovery rules and appoint counsel. As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and has reached the following conclusions.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \* \* \* \* \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under Section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997). Petitioner may satisfy the exhaustion requirement through utilization of the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-91, et. seq. The Act provides a prisoner who claims that he is unlawfully in custody under a sentence of the State of Mississippi to seek relief by filing a motion under this chapter. MISS. CODE ANN. §§ 99-39-5 (1). As stated above, Petitioner has failed to file for relief regarding his current conviction and sentence with the state courts of Mississippi prior to bringing this federal action. As such, this case shall be dismissed, without prejudice, for Petitioner's failure to exhaust his available state court remedies.

A final judgment in accordance with this memorandum opinion will be issued this date.

SO ORDERED AND ADJUDGED, this the 15th day of November, 2007.

                                           s/William H. Barbour, Jr.
                                           UNITED STATES DISTRICT JUDGE